IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ROBERT E. UPTON #803710 | § | |
| | § | |
| V. | § | A-14-CA-894-SS |
| | § | |
| GREG ABBOTT | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE SAM SPARKS
         UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Dalhart Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. According to Plaintiff, the Attorney General continues to charge child support even though Plaintiff is incarcerated and is charging interest on the amount owed. According to Plaintiff, he currently owes $63,000 in back child support. He requests the amount be decreased to $39,000.00, the "actual amount owed." Plaintiff sues the Texas Attorney General.

DISCUSSION AND ANALYSIS

Plaintiff's complaint should be dismissed for want of jurisdiction. It is well settled that, as a jurisdictional matter, "litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits." Hale v. Harney, 786 F.2d 688, 691 (5th Cir. 1986). The Rooker-Feldman doctrine provides that "federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts." Weekly v. Morrow, 204 F.3d 613, 615 (5th Cir. 2000). The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005). Plaintiff appears to be challenging the state court's judgment ordering child support payments. Plaintiff's action should be dismissed under Rooker-Feldman, as an improper collateral attack on a state court order.

Alternatively, Plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted. Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

"The first inquiry in any § 1983 suit, therefore, is whether the plaintiff has been deprived of a right 'secured by the Constitution and the laws.'" Baker v. McCollan, 443 U.S. 137, 140 (1979); Green v. State Bar of Texas, 27 F.3d 1083, 1087 (5th Cir. 1994). "By its terms, of course, the statute

creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere." Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985) (citing Baker, 443 U.S. at 140, 144 n.3). Plaintiff has not alleged a violation of his constitutional rights. He simply alleges child support or interest on child support due should not accrue while he is incarcerated.

## RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed without prejudice for want of jurisdiction. Alternatively, Plaintiff's complaint should be dismissed with prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual

findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 29th day of September, 2014.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE